**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

<table>
<tr><td>Kelly L. Stephens<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed:  May 26, 2026

Ms. Rebecca Ashley Aboona
Mr. Linus Richard Banghart-Linn
Ms. Kyla L. Barranco
Office of the Attorney General of Michigan
P.O. Box 30212
Lansing, MI 48909

Mr. Robert Joseph Muise
American Freedom Law Center
P.O. Box 131098
Ann Arbor, MI 48113

Mr. William R. Wagner
Great Lakes Justice Center
5600 W. Mount Hope Highway
Suite 2
Lansing, MI 48917

> Re:  Case No. 25-1973, *Right to Life of Michigan, et al v. Gretchen Whitmer, et al*
>       Originating Case No. 1:23-cv-01189

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Enclosed are the court's unpublished opinion and judgment, entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc: Ms. Ann E. Filkins

Enclosures

Mandate to issue

NOT RECOMMENDED FOR PUBLICATION
File Name:  26a0233n.06

No. 25-1973

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>

RIGHT TO LIFE OF MICHIGAN, et al.,

    Plaintiffs-Appellants,

v.

GRETCHEN WHITMER, in her official capacity as
Governor of the State of Michigan, et al.,

    Defendants-Appellees.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN


OPINION

</td></tr>
</table>

Before:  STRANCH, BUSH, and BLOOMEKATZ, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.**  Michigan voters passed a state constitutional amendment that codified a right to reproductive freedom.  Sixteen plaintiffs sued to prevent the Michigan Governor, Attorney General, and Secretary of State from enforcing this amendment.  The district court dismissed for lack of standing.  We agree and **AFFIRM.**

**I.**

In 2022, Michigan voters passed Proposal 3 by simple majority.  Proposal 3 added § 28 to Article I of the Michigan Constitution and declared that "[e]very individual has a fundamental right to reproductive freedom . . . ."  Mich. Const. art. I § 28(1).  This includes "the right to make and effectuate decisions about all matters relating to pregnancy, including but not limited to prenatal care, childbirth, postpartum care, contraception, sterilization, abortion care, miscarriage management, and infertility care."  *Id.*  After this provision came into effect, a state court held several of Michigan's laws unconstitutional under § 28.

No. 25-1973, *Right to Life of Mich., et al. v. Whitmer, et al.*

Sixteen plaintiffs sued Michigan's Governor, Attorney General, and Secretary of State to enjoin § 28's enforcement, alleging that § 28 violates the First and Fourteenth Amendments to the U.S. Constitution.  Plaintiffs seek to prevent the enforcement of § 28 by enjoining each of these state officers from enforcing the provision.

The district court dismissed the lawsuit for lack of standing and only five Plaintiffs have appealed: Right to Life of Michigan, Celina Asberg, Grace Fisher, Andrea Smith, and John Hubbard.

Right to Life of Michigan is a nonprofit dedicated to "protect[ing] the precious gift of human life from fertilization to natural death" and it "proposes, lobbies for, and supports legislation that protects the gift of human life." R. 23, FAC, PageID 145 ¶ 13.  Including legislation that protects the unborn and furthers pro-life causes.

Celina Asberg and Grace Fisher are women who either are pregnant or have been recently and plan to be pregnant again in the future.  Asberg and Fisher allege that § 28 "immunizes from legal liability anyone who aids or assists with [their] prenatal care, childbirth, all aspects of [their] pregnanc[ies], and [their] postpartum care." *Id.* at 154–55 ¶ 52, 55.  They also claim that § 28 lowers the standard of care for medical professionals handling pregnancy-related care.

Andrea Smith and John Hubbard are parents of children who attend Michigan public schools.  Smith and Hubbard allege that § 28 permits public school officials "to aid and assist their children with obtaining contraception; procuring an abortion; seeking 'gender reassignment,' puberty blocking medication, or sterilization; and engaging in sexual intercourse or other sex acts, including with an adult, all without [parental] consent or knowledge and with impunity." *Id.* at 155 ¶ 58.

2

No. 25-1973, *Right to Life of Mich., et al. v. Whitmer, et al.*

The remaining Plaintiffs now argue on appeal that they have standing to challenge § 28 as violating their constitutionally-guaranteed parental rights.

## II.

We review a district court's order dismissing a complaint for lack of standing de novo, accepting "as true the well-pleaded allegations in the complaint and ask[ing] whether plaintiffs plausibly alleged their standing to sue." *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022).  To have standing, a plaintiff must show "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 540 (2020).

Defendants primarily assert that Plaintiffs have not suffered an injury in fact, but we need not resolve that issue because Plaintiffs have failed to plead facts supporting the second and third elements of standing.

Plaintiffs' alleged injuries must be traceable to the actions of the Defendants.  Plaintiffs needed to plead "specific, plausible allegations about what the [defendant] has done, is doing, or might do to injure plaintiffs."  *Universal Life Church*, 35 F.4th at 1031.  So we look to the complaint to determine what Plaintiffs claim Defendants have been doing or will do that causes them injury.  We address each Defendant in turn.

*Governor Gretchen Whitmer*.  Plaintiffs allege that Governor Whitmer is the head of Michigan's executive branch and oversees twenty administrative departments.  Governor Whitmer "is sworn to uphold the Constitution and laws of the State of Michigan, including Article I, § 28 of the Michigan Constitution." R. 23, FAC, PageID 158 ¶ 67.  She also enforces Michigan's Elliot-Larsen Civil Rights Act (ELCRA).  And, according to Plaintiffs, § 28(2) mandates that the state,

3

No. 25-1973, *Right to Life of Mich., et al. v. Whitmer, et al.*

including the executive branch, protect and enforce the right enshrined in § 28, including against medical professionals through the ELCRA.

*Attorney General Dana Nessel*.  Plaintiffs allege that AG Nessel is the top lawyer for the state of Michigan and that she provides legal counsel to the legislature and every executive department in Michigan.  Like Governor Whitmer, AG Nessel is charged with "enforcing and upholding the Constitution and laws of the State of Michigan, including Article I, § 28 of the Michigan Constitution."  *Id.* ¶ 70  AG Nessel also has authority to enforce the Michigan Consumer Protection Act (MCPA), and the complaint alleges that "[§] 28 provides the mechanism and basis for enforcing [the MCPA] against pro-life medical professionals . . . ."  *Id.* at 172–73 ¶ 127.

*Secretary of State Jocelyn Benson*.  Plaintiffs allege that Secretary Benson, as the Michigan Secretary of State, "is responsible for enforcing and implementing the ballot initiative procedures set forth in Article XII, § 2 of the Michigan Constitution."  *Id.* at PageID 159 ¶ 73.  As part of these responsibilities, they allege that Secretary Benson carried out the ballot initiative procedures that resulted in the addition of § 28 to the Michigan Constitution.

This is the full extent of the allegations against Defendants.  This is not enough.  The primary allegation against the Governor and the Attorney General is that each is generally responsible for executing Michigan's laws.  This type of general allegation cannot support Plaintiffs' standing because a state official's general authority to enforce state law cannot satisfy traceability in the absence of "allegations about what the [official] has done, is doing, or might do to injure plaintiffs."  *Universal Life Church*, 35 F.4th at 1031–32.

For the Governor and Attorney General, this leaves only the allegations claiming they have enforcement responsibilities relating to the ELCRA and MCPA.  But these allegations do not bear on Plaintiffs' parental rights theory because they allege only that the ELCRA and MCPA bear on

4

No. 25-1973, *Right to Life of Mich., et al. v. Whitmer, et al.*

enforcement as to medical professionals, rather than in a manner that would cause harm to parental rights. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 900 F.3d 250, 256 (6th Cir. 2018). Notably, the medical professional plaintiffs chose not to appeal. But even if we consider the ELCRA and MCPA, Plaintiffs have not pointed to a single threatened or actual enforcement action coming from the Governor or Attorney General. Plaintiffs needed to plead more. *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161–67 (2014); *see also First Choice Women's Res. Centers, Inc. v. Davenport*, 146 S. Ct. 1114, 1124–26 (2026) (holding that crisis pregnancy centers had standing because the challenged subpoenas carried penalties for noncompliance and the Attorney General had threatened additional charges).

The allegations against Secretary Benson fare no better. Plaintiffs do not allege that she has any enforcement responsibility as it relates to § 28. So they have not pleaded adequate facts to show that the alleged injury is traceable to her actions or that an injunction against her would redress an alleged injury. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 43–45 (2021).

Plaintiffs make two additional arguments to support standing. We find neither persuasive.

*First*, they rely heavily on subsection (2) of § 28, which says that Michigan "shall not discriminate in the protection or enforcement of this fundamental right." R. 23, FAC, PageID 160 ¶ 80. But this provision does not by itself show any *particular* actions that Defendants may take to enforce the law. And this was Plaintiffs' burden—to "direct this Court to [some] enforcement authority [Defendants] possess[] . . . that a federal court might enjoin [them] from exercising." *Whole Woman's Health*, 595 U.S. at 43. Such unexplained enforcement authority cannot support standing.

*Second*, Plaintiffs argue that because § 28 has led to several abortion restrictions being held unlawful, their harms directly flow from the constitutional amendment. But this does not mean

5

No. 25-1973, *Right to Life of Mich., et al. v. Whitmer, et al.*

the harms flow from Defendants.  Federal courts exercising equitable power "may enjoin named defendants from taking specified unlawful actions," but they cannot "enjoin challenged laws themselves . . . ."  *Id.* at 44 (cleaned up).  Plaintiffs' lawsuit is against Defendants, not against the law itself.  And Plaintiffs do not explain how enjoining Defendants, who have no specified enforcement authority, from enforcing a law that has no specified enforcement mechanism, will redress their alleged injuries.

The complaint does not plead facts to support traceability or redressability, so Plaintiffs lack Article III standing.

**III.**

We therefore **AFFIRM** the decision of the district court.

6

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 25-1973

RIGHT TO LIFE OF MICHIGAN; CELINA ASBERG;
GRACE FISHER; ANDREA SMITH; JOHN HUBBARD,

      Plaintiffs - Appellants,

      v.

GRETCHEN WHITMER; DANA NESSEL; JOCELYN
BENSON, in their official capacities,

      Defendants - Appellees.

```
┌─────────────────────────────┐
│           FILED             │
│        May 26, 2026         │
│   KELLY L. STEPHENS, Clerk  │
└─────────────────────────────┘
```

Before:  STRANCH, BUSH, and BLOOMEKATZ, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

      THIS CAUSE was heard on the record from the district court and was submitted on the briefs without oral argument.

      IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

_____
Kelly L. Stephens, Clerk